MICHAEL P. VERNA (# 84070)
LAWRENCE D. GOLDBERG (# 168142)
BOWLES & VERNA LLP
2121 N. California Blvd., Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile:  (925) 935-0371
Email: mverna@bowlesverna.com
       lgoldberg@bowlesverna.com

Attorneys for Plaintiffs JOSEPH L. JOHNSON
and CYNTHIA A. MITCHELL, individually and
as successor-in-interest and personal
representative of decedent MARIO D. S .M. ROMERO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. JOHNSON, an individual, CYNTHIA A. MITCHELL, an individual, and as successor-in-interest and personal representative of decedent MARIO D. S .M. ROMERO,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF VALLEJO, a municipality and charter city; POLICE OFFICER DUSTIN B. JOSEPH, an individual, POLICE OFFICER SEAN G. KENNEY, an individual, VALLEJO CHIEF OF POLICE JOSEPH M. KREINS, an individual and DOES 1-5 inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS, PERSONAL INJURIES AND WRONGFUL DEATH**<br>(42 U.S.C. § 1983 and Pendant State Claims)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiffs, by and through their undersigned counsel, bring the instant action for damages arising from the fatal shooting of twenty-three year old Mario D. S. M. Romero and the shooting of then twenty-one year old Joseph L. Johnson, by the Vallejo, California Police on the morning of September 2, 2012.

## JURISDICTION

1.  This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. The state law claims are within the supplemental jurisdiction of the

Court pursuant to 28 U.S.C. § 1367.

**VENUE**

2. Venue is proper in this Court under 28 U.S.C. § 1391 as at least one defendant resides in this judicial district and all the unlawful acts, omissions and practices alleged herein occurred in the City of Vallejo, Solano County, California, within this judicial district.

**PARTIES**

3. Mario D. S. M. Romero ("Romero") was at all times alleged herein an unmarried, African-American adult male and the child of Plaintiff Cynthia A. Mitchell.

4. On September 2, 2012 -- at the age of twenty-three -- Mr. Romero was killed by Vallejo Police.

5. Plaintiff Cynthia A. Mitchell ("Mitchell") is, and at all times alleged herein was, a competent adult who resides in Solano County, California and is the surviving parent of decedent Romero.

6. Plaintiff Mitchell is Mr. Romero's successor-in-interest as used in California Code of Procedure § 377.30 and is an individual who is conferred standing under California Code of Civil Procedure § 377.60.

7. Plaintiff Joseph L. Johnson ("Johnson") is, and at all times alleged herein was, a competent African-American adult male who resides in Contra Costa County, California.

8. Pursuant to and in compliance with the "California Government Claims Act," Plaintiffs, and each of them, caused a "Notice of Claim" to be timely delivered to the City of Vallejo on January 31, 2013 and an "Amended Notice of Claim" on February 1, 2013; the receipt of each were acknowledged by the City of Vallejo. Each claim was rejected by The City of Vallejo, in writing, on April 8, 2013.

9. Defendant City of Vallejo ("Vallejo") is, and at all times alleged herein was, a municipal entity and charter city duly organized and existing under the laws of the State of California.

10. At all times mentioned herein Joseph M. Kreins (hereinafter "Chief Kreins") was the Chief of Police for Vallejo and is sued in his official capacity.

11. At all times alleged herein, Dustin B. Joseph (hereinafter "Joseph"), was a Police

Officer, Badge No. 585, employed by the Vallejo Police Department and was acting within his scope of employment and under the authority of the City of Vallejo and under the color of law. Plaintiffs are informed and believe and on that basis allege that Officer Joseph participated in the events alleged herein. He is sued in his individual and official capacity.

12. At all times alleged herein, Sean G. Kenney (hereinafter "Kenney"), was a Police Officer, Badge No. 604, employed by the Vallejo Police Department and was acting within his scope of employment and under the authority of the City of Vallejo and under the color of law. Plaintiffs are informed and believe and on that basis allege that Officer Kenney participated in the events alleged herein. He is sued in his individual and official capacity.

13. At all times alleged herein, Doe #1 was a Police Officer employed by the Vallejo Police Department and was acting within his/her scope of employment and under the authority of the City of Vallejo and under the color of law. Doe #1 is sued in his/her individual and official capacity. Plaintiffs are ignorant of the true identity of Doe #1 at this time because the City of Vallejo has refused to provide information pertaining to the incident that gives rise to this Complaint including Doe #1's true identity. Plaintiffs will amend this Complaint to allege Doe #1's true names and capacity when the same is ascertained.

14. At the time this Complaint was filed, Plaintiffs were additionally ignorant of the true names and capacities of Does 2-5 and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is liable or responsible in some manner to Plaintiffs for the damages alleged. Plaintiffs are ignorant of the true name of Does 2-5 because the City of Vallejo has refused to cooperate and provide information pertaining to the incident that gives rise to this complaint including the identity of any additional persons or entities involved. Plaintiffs will amend this Complaint to allege Doe 2-5's true names and capacities when the same are ascertained.

15. Plaintiffs are informed and believe and on that basis allege that at all times herein mentioned each of the defendants, including the defendants sued herein as Does 1-5, were acting as the agent, servant, partner, joint venturer and/or employee of their co-defendants, and were acting within the scope of that authority with the full knowledge, permission, and express or implied consent of each

of the remaining Defendants.

16. At all times alleged herein all Defendants, and each of them, acted under the color of authority and/or under the color of law.

## GENERAL ALLEGATIONS

17. Plaintiffs reallege and incorporate herein by reference each and every allegation in the preceding paragraphs.

18. In the early morning of September 2, 2012, decedent Romero and Plaintiff Johnson arrived at Mr. Romero's home located on the corner of Lofas Place and Pepper Drive in the City of Vallejo, California.

19. Mr. Romero parked the white Ford Thunderbird they were riding in at the curb next to his home and turned off the car's ignition. The car was facing east while parked on Pepper Drive and could be clearly seen from the bay window of his home.

20. Shortly thereafter, a City of Vallejo Police Department vehicle (the "Cruiser"), with two City of Vallejo Police Department officers, stopped several yards in front of them, facing west toward the front of the Ford Thunderbird.

21. One of the officers in the Cruiser was Officer Joseph. Plaintiffs are informed and believe and on that basis allege that the second officer was Officer Kenney. The name of another officer who arrived as this event took place is unknown at this time and he/she is identified as Doe #1. (Officers Joseph and Kenney are collectively referred to as "Officers"). The identities of Defendants Does 2-5 are also unknown to Plaintiffs at this time for the reasons stated herein above.

22. The Officers, who upon information and belief had not been pursuing the Ford Thunderbird prior to this point, turned on the Cruiser's spotlight and aimed it through the windshield of the Thunderbird illuminating both Plaintiff Johnson and Mr. Romero.

23. Plaintiffs are informed and believe that the Officers were aware, or now became aware, that Plaintiff Johnson and Mr. Romero were African-American males.

24. Plaintiff Johnson and Mr. Romero followed every command from the Officers and raised their hands in the air as instructed. Mr. Romero raised his hands up and Plaintiff Johnson put both hands outside the passenger window.

25. Plaintiff Johnson and Mr. Romero, not being requested to exit the vehicle, remained seated with their hands raised as described herein above.

26. Plaintiff Johnson and Mr. Romero were unarmed and were intently listening to the Officers' instructions.

27. Then, moments later, with no justification or cause, Officer Joseph opened lethal fire at Plaintiff Johnson and Mr. Romero as they sat in their vehicle with their hands in the air as described herein above.

28. Mr. Romero's relatives who were in his dwelling located on the corner of Lofas Place and Pepper Drive saw bright spotlights, heard the initial gun shots and rushed to the bay window of the home to see what was unfolding where they witnessed the continued shooting of Mr. Romero and Plaintiff Johnson.

29. The initial shots penetrated the windshield and entered Mr. Romero and Plaintiff Johnson - gravely injuring and incapacitating them.

30. Plaintiff Johnson and Mr. Romero, now injured and bleeding, were vulnerable, defenseless and - having just witnessed each other being shot and realizing their respective injuries - were in immediate and tremendous fear for their lives and well-being.

31. Notwithstanding Plaintiff Johnson's and Mr. Romero's incapacitated state, Officer Joseph discharged the remaining bullets in his gun; then, reloaded his weapon, jumped on the hood of the Thunderbird, aimed and continued to fire additional rounds into the vehicle at Mr. Romero and Plaintiff Johnson, who could not resist or defend this onslaught.

32. One of Mr. Romero's relatives ran outside of the house and called-out and pleaded with Officer Joseph to stop shooting.

33. Officer Joseph turned, made eye contact with the relative, exchanged words with her, then focused his attention back on Mr. Romero and Plaintiff Johnson and continued to shoot them.

34. Plaintiffs are informed and believe that over thirty (30) rounds were fired into the vehicle, which fatally injured Mr. Romero and gravely injured Plaintiff Johnson.

35. After the shooting ceased, the Officers and/or Doe #1 approached the driver's door, opened it, cut the seatbelt that was still restraining Mr. Romero, pulled him out of the vehicle and laid

him on the street, dying.

36. The relatives screamed at the Officers to call an ambulance, which the Officers did after the siblings of Mr. Romero and a neighbor had called for help. Within minutes several other police cruisers and emergency response vehicles were on the scene.

37. Plaintiffs are informed and believe and on that basis allege that Officer Kenney participated in the shooting by either firing his weapon at Mr. Romero and Plaintiff Johnson or failing to stop and/or acquiescing in Officer Joseph's egregious conduct.

38. Plaintiffs are informed and believe and on that basis allege that Doe #1 participated in the events by failing to stop and/or acquiescing in the other Officers' egregious conduct and/or altering evidence at the scene of the shooting.

39. Does 2-5 may have also participated in the events alleged herein but their identities are unknown to Plaintiffs for the reasons stated herein above. Plaintiffs will amend this complaint to allege Doe 2-5's true names, capacities and specific involvement when the same are ascertained.

40. At all times alleged herein the Defendants' actions were oppressive, fraudulent and/or malicious.

41. Upon information and belief, Officer Joseph, Officer Kenney and Doe #1 failed to perform their official duties in a reasonable manner by using unreasonable and excessive force and/or intentionally battering and assaulting Plaintiff Johnson and killing Mr. Romero. In so doing, Officer Joseph, Officer Kenney and Doe #1 unlawfully:

    a. Deprived Plaintiff Johnson, Plaintiff Mitchell and Mr. Romero, among other rights and privileges, of life and liberty without due process of law, and to familial relations;

    b. Violated Plaintiff Johnson and Mr. Romero's rights to be free from unreasonable search and seizure and excessive force; and

    c. Violated, among other laws, the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C § 1983 and California Civil Codes §§ 51.7 and 52.1.

42. As a direct and proximate result of Defendants' conduct and violations of the Plaintiffs' and Mr. Romero's Federal and State rights, Plaintiff Johnson suffered, among other injuries, severe

physical injuries including debilitating internal injuries from being shot, mental and emotional injuries, pain and suffering, lost wages, loss of employment, lost earning capacity and various financial expenses.

43. As a direct and proximate result of Defendants' conduct and violations of the Plaintiffs' and Mr. Romero's Federal and State rights, Plaintiff Mitchell suffered, among other injuries, severe mental and emotional injuries, financial expenses, loss of familial relations and loss of comfort, protection, companionship, love, affection, solace, moral and financial support.

44. As a direct and proximate result of Defendants' conduct and violations of the Plaintiffs' and Mr. Romero's Federal and State rights, Mr. Romero suffered, among other injuries, fatal and severe physical injuries, pain and suffering, severe emotional distress and loss of life for which Plaintiff Mitchell seeks compensation as successor-in-interest and as the personal representative of Mr. Romero.

### FIRST CAUSE OF ACTION
### (Violation of the Fourth and Fourteenth Amendments of the United States Constitution)
### (42 U.S.C. §1983)
(Plaintiff Johnson and Plaintiff Mitchell - on behalf of Mr. Romero as a survival action permitted by CCP §377.30 Against Defendants Joseph, Kenney and Does 1-5)

45. Plaintiffs reallege and incorporate herein by reference each and every allegation in the preceding paragraphs.

46. Plaintiff Johnson and Mr. Romero were entitled to the protections, rights and privileges afforded to them by the United States Constitution including its Fourth Amendment, to be free from unreasonable searches and seizures, and to be free from excessive, arbitrary or unreasonable use of force against them.

47. Plaintiff Johnson and Mr. Romero were further entitled to the protections, rights and privileges afforded to them by the Fourteenth Amendment of the United States Constitution to not be deprived of life, liberty or property without due process of law.

48. Defendants Joseph, Kenney and Does 1-5 acted under the color of law with reckless, callous and deliberate indifference to the rights afforded to Plaintiff Johnson and Mr. Romero under the U.S Constitution and its Fourth and Fourteenth Amendments.

49. As a direct and proximate result of Officers Joseph, Kenney and Does 1-5's conduct, Plaintiff Johnson and Mr. Romero suffered severe physical injuries, discomfort, sickness, mental anguish, pain and suffering, loss of enjoyment of life and/or life itself, lost wages, loss of wage earning capacity, in an amount to be determined by the trier of fact. Plaintiff Johnson continues to suffer the foregoing injuries.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Joseph, Kenney and Does 1-5, and each of them, as set-forth in the Prayer for Relief below.

## SECOND CAUSE OF ACTION
### (Wrongful Death)
### (42 U.S.C. §1983)
(Plaintiff Mitchell against Defendants Joseph, Kenney and Does 1-5)

50. Plaintiffs reallege and incorporate herein by reference each and every allegation in the preceding paragraphs.

51. Plaintiff Mitchell is the surviving parent of Mr. Romero and was dependent on him for financial support and affection.

52. The United States Constitution provided Mr. Romero with certain protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

   b. The right to be free from the use of excessive and unreasonable force by persons acting under the color of law, as guaranteed by the Fourth Amendments to the United States Constitution;

   c. The right not to be deprived of life, liberty or property without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

53. Defendants Joseph, Kenney and Does 1-5, under the color of law, acted with reckless, callous and deliberate indifference to the rights afforded to Mr. Romero under the Fourth and Fourteenth Amendments of the U.S Constitution including but not limited to his life and liberty.

54. As a direct and proximate result of Defendants Joseph, Kenney and Does 1-5's conduct, Mr. Romero was killed and Plaintiff Mitchell suffered and continues to suffer injuries including, but

not limited to severe discomfort, sickness, mental anguish, pain and loss of enjoyment of life, familial relations, comfort, protection, companionship, love, affection, solace, moral and financial support from decedent Mario Romero, in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Joseph, Kenney and Does 1-5, and each of them, as set-forth in the Prayer for Relief below.

### THIRD CAUSE OF ACTION
### (Violation of Plaintiff's Civil Rights to Familial Relationship)
### (42 U.S.C. §1983)
(Plaintiff Mitchell against Defendants Joseph, Kenney and Does 1-5)

55. Plaintiffs reallege and incorporate herein by reference each and every allegation in the preceding paragraphs.

56. Plaintiff Mitchell is afforded certain rights and privileges by the United States Constitution and its Fourteenth Amendment, including the right to familial relationships and a protected liberty interest in the companionship and society of her child.

57. Defendants Joseph, Kenney and Does 1-5 acted under the color of law and with reckless, callous and deliberate indifference to Plaintiff Mitchell and Mr. Romero's rights, and deprived Plaintiff Mitchell of her right to a familial relationship with her son, when they killed Mr. Romero by using excessive, unreasonable and unjustified deadly force in violation of Mr. Romero's constitutionally protected rights.

58. As a direct and proximate result of Defendants Joseph, Kenney and Does 1-5's conduct, Mr. Romero was killed and Plaintiff Mitchell has suffered severe, among other injuries, severe mental and emotional injuries, financial expenses, loss of familial relations and loss of comfort, protection, companionship, love, affection, solace, moral and financial support in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Joseph, Kenney and Does 1-5, and each of them, as set-forth in the Prayer for Relief below.

///
/// ///
/// /// ///

## FOURTH CAUSE OF ACTION
### (*MONELL*)
### (42 U.S.C. §1983)

(Plaintiff Johnson and Plaintiff Mitchell, individually and on behalf of Mr. Romero as a survival action permitted by CCP §377.30 Against Defendants Vallejo, Chief Kreins and Does 1-5)

59. Plaintiffs reallege and incorporate herein by reference each and every allegation in the preceding paragraphs.

60. Defendants Vallejo, Chief Kreins and Does 1-5 and each of them, individually and/or in their official capacities are official policy-makers for the City of Vallejo Police Department.

61. Plaintiffs are informed and believe that from approximately May 25 to October 21, 2012 there were at least ten (10) shootings, which involved Defendant Vallejo police officers that resulted in six (6) fatalities (in which no officers were harmed); that these shootings, and other conduct, were a result of the customs, policies and procedures implemented and ratified by Defendants Vallejo and Chief Kreins and created a culture of indifference toward the lives and civil rights of its citizens, including Plaintiffs and Mr. Romero.

62. Plaintiffs are further informed and believe that the acts and omissions of Defendants Joseph, Kenney and Does 1-5 are indicative and representative of a repeated course of conduct by members of Defendant Vallejo's Police Department and are tantamount to a custom, policy and/or repeated practice of condoning and tacitly encouraging the abuse of police authority in deliberate disregard, and indifference of the violations to the constitutional rights of citizens, including those that are similarly situated as Plaintiffs and Mr. Romero's, which included but are not limited to:

   a. Failure to treat citizens equally in investigating crimes, making arrests and enforcing the laws;

   b. Failure to protect the citizens from individuals acting under the color of law who repeatedly acted immorally and unethically, frequently used unreasonable excessive and deadly force and illustrated a propensity to discriminate based upon constitutionally protected classes;

   c. Failure to train officers in the proper use of force against citizens equally and irrespective of their race, color or national origin.

      d. Providing false and/or misleading information;

      e. Causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading evidence and statements;

      f. Failure to institute and enforce a consistent disciplinary policy;

      g. Failure to adequately and appropriately hold police officers accountable for misconduct;

      h. Failure to properly and fairly investigate complaints about officers' misconduct;

      i. Failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens, including Plaintiffs' and Mr. Romero's;

      j. Failure to adequately or appropriately train officers in making detentions, arrests, and/or in the appropriate use of force.

63. As a direct and proximate result of Defendants' policies, customs and/or practices and deliberate indifference to citizen's rights, including Plaintiffs' and Mr. Romero's rights, Plaintiffs and Mr. Romero were deprived of constitutional rights guaranteed under the United States Constitution and its Fourth and Fourteenth Amendments including, but not limited to:

      a. The right not to be deprived of life, liberty or property without due process of law;

      b. The right to be free from unreasonable searches and seizures;

      c. The right to be free from the unreasonable and excessive use of force;

      d. The right to equal protection of the law;

      e. The right to familial relationships;

      f. The right to enjoy civil and statutory rights.

64. As a direct and proximate result of Defendants Vallejo, Chief Kreins and Does 1-5's acts and/or omissions, the Plaintiffs and Mr. Romero have suffered, among other injuries, severe discomfort, physical injuries, sickness, mental anguish, pain, suffering, loss of familial relations, loss of enjoyment of life and/or life itself, and loss of wages, wage earning capacity, financial support in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Vallejo,

Chief Kreins and Does 1-5, and each of them, as set-forth in the Prayer for Relief below.

## FIFTH CAUSE OF ACTION
### (Wrongful Death - Negligence)
### (CCP §§377.60 and 377.64)
(Plaintiff Mitchell Against Defendants Joseph, Kenney, Vallejo and Does 1-5)

65. Plaintiffs reallege and incorporate herein by reference each and every allegation in the preceding paragraphs.

66. Plaintiff Mitchell is the surviving parent of Mr. Romero and was dependent on him for financial support and affection and accordingly has standing under California Code of Civil Procedure §377.60 to bring an action for the wrongful death of Mr. Romero.

67. Defendants Joseph, Kenney and Does 1-5 were, at all times alleged herein, acting under the color of law, within their scope of employment and as employees and agents under the authority of Defendants Vallejo and Does 1-5.

68. Defendants Joseph, Kenney and Does 1-5, and each of them, owed a duty to Mr. Romero and Plaintiff Mitchell to conduct themselves in a manner so as not to unjustifiably kill Mr. Romero.

69. Defendants Joseph, Kenney and Does 1-5, breached that duty by the acts and omissions of each stated herein, which resulted in the fatal shooting of Mr. Romero by Defendant Joseph, Kenney and Does 1-5.

70. Defendants Joseph, Kenney and Does 1-5, and each of them, knew or should have known that these acts and omissions would result in the killing of citizens, including Mr. Romero.

71. As a direct and proximate result of Defendants Joseph, Kenney and Does 1-5's conduct, Mr. Romero was killed and Plaintiff Mitchell has suffered injuries including, but not limited to severe discomfort, sickness, mental anguish, pain and loss of enjoyment of life, familial relations, comfort, protection, companionship, love, affection, solace, moral and financial support from decedent Mario Romero, in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Joseph, Kenney, Vallejo and Does 1-5, and each of them, as set-forth in the Prayer for Relief below.

///

## SIXTH CAUSE OF ACTION
### (Wrongful Death - Intentional)
### (CCP §§377.60 and 377.64)
(Plaintiff Mitchell Against Defendants Joseph, Kenney, Vallejo and Does 1-5)

72. Plaintiffs reallege and incorporate herein by reference each and every allegation in the preceding paragraphs.

73. Plaintiff Mitchell is the surviving parent of Mr. Romero and was dependent on him for financial support and affection and accordingly has standing under California Code of Civil Procedure §377.60 to bring an action for the wrongful death of Mr. Romero.

74. Defendants Joseph, Kenney and Does 1-5 were, at all times alleged herein, acting under the color of law, within their scope of employment and as employees and agents under the authority of Defendants Vallejo and Does 1-5.

75. Defendants Joseph, Kenney and Does 1-5, and each of them, performed the foregoing acts intentionally, maliciously and willfully, with the objective of killing Mr. Romero, without justification; as illustrated, but not limited to, the aforementioned shooting, reloading and continued shooting of the defenseless, injured and vulnerable Plaintiff Johnson and Mr. Romero from point-blank range on the hood of the car while receiving no resistance.

76. As a direct and proximate result of Defendants Joseph, Kenney and Does 1-5's intentional and malicious conduct, Mr. Romero was killed and Plaintiff Mitchell has suffered injuries including, but not limited to severe discomfort, sickness, mental anguish, pain and loss of enjoyment of life, familial relations, comfort, protection, companionship, love, affection, solace, moral and financial support from decedent Mario Romero, in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Joseph, Kenney, Vallejo and Does 1-5, and each of them, as set-forth in the Prayer for Relief below.

## SEVENTH CAUSE OF ACTION
### (Assault and Battery)
(Plaintiff Johnson and Plaintiff Mitchell, on behalf of Mr. Romero as a survival action permitted by CCP §377.30, Against Defendants Joseph, Kenney, Vallejo and Does 1-5)

77. Plaintiffs reallege and incorporate herein by reference each and every allegation in the preceding paragraphs.

78. Plaintiff Johnson and Mr. Romero have a right to be free from personal injury.

79. Defendants Joseph, Kenney and Does 1-5 were, at all times alleged herein, acting under the color of law, within their scope of employment and as employees and agents under the authority of Defendants Vallejo and Does 1-5.

80. Defendant Joseph, Kenney and Does 1-5's conduct constituted wanton, willful and intentional harmful and offensive touching to Plaintiff Johnson and Mr. Romero's persons.

81. Defendant Joseph, Kenney and Does 1-5's conduct harmful and offensive touching was without permission.

82. Immediately prior to the harmful and offensive touching, Plaintiff Johnson and Mr. Romero were in immediate, reasonable and justified apprehension for their safety, well-being and life.

83. As a direct and proximate result of Officers Joseph, Kenney and Does 1-5's conduct, Plaintiff Johnson and Mr. Romero suffered severe physical injuries, discomfort, sickness, mental anguish, pain and suffering, loss of enjoyment of life and/or life itself, lost wages, loss of wage earning capacity, in an amount to be determined by the trier of fact. Plaintiff Johnson continues to suffer the foregoing injuries.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Joseph, Kenney, Vallejo and Does 1-5, and each of them, as set-forth in the Prayer for Relief below.

### EIGHTH CAUSE OF ACTION
**(Personal Injuries – Negligence)**
(Plaintiff Johnson and Plaintiff Mitchell, on behalf of Mr. Romero as a survival action permitted by CCP §377.30, Against Defendants Joseph, Kenney, Vallejo and Does 1-5)

84. Plaintiffs reallege and incorporate herein by reference each and every allegation in the preceding paragraphs.

85. Defendants Joseph, Kenney and Does 1-5 were, at all times alleged herein, acting under the color of law, within their scope of employment and as employees and agents under the authority of Defendants Vallejo and Does 1-5.

86. Defendants Joseph, Kenney and Does 1-5 owed Plaintiff Johnson and Mr. Romero a duty to conduct themselves in a manner so as not to cause harm to them.

87. Defendants Joseph, Kenney and Does 1-5 breached that duty by the acts and omissions

stated herein.

88. As a direct and proximate result of Officers Joseph, Kenney, and Does 1-5's conduct, Plaintiff Johnson and Mr. Romero suffered severe physical injuries, discomfort, sickness, mental anguish, pain and suffering, loss of enjoyment of life and/or life itself, lost wages, loss of wage earning capacity, in an amount to be determined by the trier of fact. Plaintiff Johnson continues to suffer the foregoing injuries.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Joseph, Kenney, Vallejo and Does 1-5, and each of them, as set-forth in the Prayer for Relief below.

### NINTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
(Plaintiff Johnson Against Defendants Joseph, Kenney, Vallejo and Does 1-5)

89. Plaintiffs reallege and incorporate herein by reference each and every allegation in the preceding paragraphs.

90. The described conduct of Defendants Joseph, Kenney and Does 1-5 was extreme and outrageous and was intended to cause severe emotional distress.

91. Defendants Joseph, Kenney and Does 1-5 also acted with reckless disregard of the probability of causing Plaintiff Johnson severe emotional distress.

92. Defendants Joseph, Kenney and Does 1-5's conduct was directed at Plaintiff Johnson and Mr. Romero and occurred in their presence.

93. As a direct and proximate result of Defendants Joseph, Kenney and Does 1-5's intentional conduct, Plaintiff Johnson suffered and continues to suffer injuries including, but not limited to severe discomfort, sickness, mental anguish, pain and loss of enjoyment of life in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Joseph, Kenney, Vallejo and Does 1-5, and each of them, as set-forth in the Prayer for Relief below.

### TENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
(Plaintiff Mitchell Against Defendants Joseph, Kenney, Vallejo and Does 1-5)

94. Plaintiffs reallege and incorporate herein by reference each and every allegation in the

preceding paragraphs.

95. At all times alleged herein Plaintiff Mitchell was the mother of decedent Romero.

96. Plaintiff Mitchell arrived at the scene of the events described herein as they were unfolding.

97. Plaintiff Mitchell witnessed portions of the conduct of Defendants Joseph, Kenney and Does 1-5 and was aware at that time of her arrival that said conduct was causing injury and/or had caused injury to and the death of her son, decedent Mario Romero.

98. As a direct and proximate result of Defendants Joseph, Kenney and Does 1-5's conduct, Plaintiff Mitchell suffered, and continues to suffer, severe emotional distress which culminated injuries including, but not limited to severe discomfort, sickness, mental anguish, pain and loss of enjoyment of life in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Joseph, Kenney, Vallejo and Does 1-5, and each of them, as set-forth in the Prayer for Relief below.

**ELEVENTH CAUSE OF ACTION**
**(Violation of Right to Enjoy Civil Rights)**
**(CCC §52.1)**
(Plaintiff Johnson and Plaintiff Mitchell, on behalf of Mr. Romero as a survival action permitted by CCP §377.30, Against Defendants Joseph, Kenney, Vallejo and Does 1-5)

99. Plaintiffs reallege and incorporate herein by reference each and every allegation in the preceding paragraphs.

100. At all times alleged herein Plaintiff Johnson and Mr. Romero were afforded certain rights and protections under California Civil Code §52.1 that protect their exercise and enjoyment of rights secured by the Constitutions and laws of the United States and this State.

101. Defendants Joseph, Kenney and Does 1-5 were, at all times alleged herein, acting as within their scope of employment and as employees, agents, and under the color of authority of Defendants Vallejo and Does 1-5's.

102. The acts of Defendants Joseph, Kenney and Does 1-5 described herein constituted an interference with those rights by threat, intimidation, or coercion in violation of California Civil Code §52.1.

103. As a direct and proximate result of Officers Joseph, Kenney and Does 1-5's conduct, Plaintiff Johnson and Mr. Romero suffered severe physical injuries, discomfort, sickness, mental anguish, pain and suffering, loss of enjoyment of life and/or life itself, lost wages, loss of wage earning capacity, in an amount to be determined by the trier of fact. Plaintiff Johnson continues to suffer the foregoing injuries.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Joseph, Kenney, Vallejo and Does 1-5, and each of them, as set-forth in the Prayer for Relief below.

## TWELFTH CAUSE OF ACTION
### (Violation of Right to be Free from Violence)
### (CCC §51.7)
(Plaintiff Johnson and Plaintiff Mitchell, on behalf of Mr. Romero as a survival action permitted by CCP §377.30, Against Defendants Joseph, Kenney, Vallejo and Does 1-5)

104. Plaintiffs realllege and incorporate herein by reference each and every allegation in the preceding paragraphs.

105. At all times alleged herein Plaintiff Johnson and Mr. Romero were persons within the jurisdiction of this State and as such were free and equal to all other individuals in this State and afforded the right to be free from any violence or intimidation because of their race, color, ancestry or national origin.

106. Defendants Joseph, Kenney and Does 1-5 were, at all times alleged herein, acting as within their scope of employment and as employees, agents, and under the color of authority of Defendants Vallejo and Does 1-5's.

107. Plaintiffs are informed and believe that Defendants Joseph and Does 1-5 engaged in previous disparaging conduct that was based on race, color, ancestry and/or national origin, including but not limited to the excessive use of force and various comments and remarks.

108. Plaintiffs are informed and believe that Defendants Joseph, Kenney and Does 1-5 targeted Plaintiff Johnson and Mr. Romero based upon their race, color, ancestry or national origin.

109. Plaintiffs are further informed and believe that Defendants Joseph, Kenney and Does 1-5 conducted themselves in a different, more aggressive manner in addressing Plaintiff Johnson and Mr. Romero because of their race, color, ancestry or national origin.

110. Plaintiffs are also informed and believe that the injuries Plaintiff Johnson and Mr. Romero incurred were a result of these predispositions.

111. As a direct and proximate result of Officers Joseph, Kenney and Does 1-5's conduct, Plaintiff Johnson and Mr. Romero suffered severe physical injuries, discomfort, sickness, mental anguish, pain and suffering, loss of enjoyment of life and/or life itself, lost wages, loss of wage earning capacity, in an amount to be determined by the trier of fact. Plaintiff Johnson continues to suffer the foregoing injuries.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Joseph, Kenney, Vallejo and Does 1-5, and each of them, as set-forth in the Prayer for Relief below.

## JURY DEMANDED

PLAINTIFFS HEREBY DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

1. For general damages in a sum to be determined at trial;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses, and other special damages in a sum to be determined according to proof;
3. For funeral and burial expenses according to proof;
4. For punitive damages and exemplary damages where available by law in amounts to be determined according to proof;
5. For reasonable attorney's fees pursuant to 42 U.S.C. §1983, CCC §51.7 and as otherwise permitted by law;
6. For permissible statutory damages;
7. Pre-judgment and post-judgment interest, as well as reasonable attorneys' fees and experts' witness fees and other costs; and
8. Such other relief as this Court deems just and appropriate.

Dated: May 30, 2013

BOWLES & VERNA, LLP

By: /s/ *Michael P. Verna*
MICHAEL P. VERNA
LAWRENCE D. GOLDBERG
Attorneys for Plaintiffs JOSEPH L. JOHNSON and CYNTHIA A. MITCHELL, individually and as successor-in-interest and personal representative of decedent
MARIO D. S. M. ROMERO