CLAUDIA QUINTANA
City Attorney, SBN 178613
BY: KELLY J. TRUJILLO
Deputy City Attorney, SBN 244286
CITY OF VALLEJO, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687

MARK A. JONES, SBN 96494
KRISTEN K. PRESTON, SBN 125455
JONES & DYER
A Professional Corporation
1800 J Street
Sacramento, CA 95811
Tel: (916) 552-5959
Fax: (916) 442-5959

Attorneys for Defendants City of Vallejo, Officer Dustin B. Joseph,
Officer Sean G. Kenney and Vallejo Chief of Police Joseph M. Kreins

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. JOHNSON, an individual, CYNTHIA A. MITCHELL, an individual, and as successor-in-interest and personal representative of decedent MARIO D.S.M. ROMERO,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>THE CITY OF VALLEJO, a municipality and charter city, POLICE OFFICER DUSTIN B. JOSEPH, an individual, POLICE OFFICER SEAN G. KENNEY, an individual, VALLEJO CHIEF OF POLICE JOSEPH M. KREINS, an individual and DOES 1-5, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 2:13-CV-01072-JAM-KJN<br><br>**STIPULATION FOR PROTECTIVE ORDER AND  ORDER** |

IT IS HEREBY STIPULATED BY ALL PARTIES to this action by and through their attorneys of record, that in order to protect the confidentiality of the records described below, any of said records

1

STIPULATION TO PROTECTIVE ORDER AND [PROPOSED] ORDER

disclosed are subject to a protective order (and designated as "Confidential Material") as follows:

1. The documents identified in Defendants' Initial Disclosure Statement (FRCP §26(a)), in paragraph B thereof, including the following:

    a. Crime Report 1211085 and all supplements
    b. Crime Scene Log
    c. VPD Dispatch Transcript
    d. Recorded interviews including transcripts and audio recordings
    e. Johnson and Romero Criminal History Reports
    f. All City of Vallejo Department's policy and procedure manuals, training manuals, training and procedure memorandum and bulletins, and all other documents which set forth Department operational, training and tactical policy and procedure, including but not limited to, to, those documents.
    g. Recordings of all communications between any officers involved in the incident or the investigation of the incident with dispatch or each other.
    h. CAD report

2. Confidential material may not be disclosed except as set forth in paragraphs 3- 5.

3. Confidential Material may be disclosed only to the following persons:

    a. Counsel for any party to this action.
    b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 4(a);
    c. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;
    d. Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;
    e. Any "in house" expert designated by defendant to testify at trial in this matter;

///

      f.    Witnesses, other than the plaintiff herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of paragraph 5;

      g.    Any Neutral Evaluator or other designated ADR provider; and

      h.    Parties to this action.

      i.    The parties agree that at the time of trial Defendants may seek orders from the Court to prevent confidential materials disclosed during discovery from being made public during a jury trial.

4.    Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this order. Defendants City of Vallejo, D. Joseph, S. Kenney and J. Kreins shall be entitled to retain possession of the original writings described above. Nothing in this paragraph 4 is intended to prevent officials or employees of the City of Vallejo or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties or rights as a citizen. Further, nothing in this order prevents a witness from disclosing event or activities personal to them, i.e., a witness can disclose to others previous information given to the City of Vallejo with respect to what she/he saw, heard, or otherwise sensed.

5.    At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be delivered back to the City of Vallejo. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned to defendants.

6. Any document filed with the Court that reveals Confidential Material shall be filed under seal, labeled with a cover sheet as follows: "*Johnson v. City of Vallejo, et al.*, United States District Court, Eastern District, Case No.: 2:13-CV-01072-JAM-KJN.  This document is subject to a protective order issued by the Court and may not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk under seal and shall be made available only to the Court or counsel.  Upon failure of the party to so file a document under seal, the producing party may request that the Court place the filing under seal.

7. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

8. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

9. Documents produced subject to this Protective Order shall be unredacted copies with the exception of personal address, telephone number, social security number or any other personal identifying information, other than names, of any Defendant or other City of Vallejo employee.

Dated: November 22, 2013          CITY ATTORNEY

                                  By:   /s/  Kelly J. Trujillo
                                        CLAUDIA QUINTANA
                                        KELLY TRUJILLO
                                        Attorneys for Defendants City of Vallejo,
                                        D. Joseph, S. Kenney and J. Kreins

///

///

///

| | | |
|---|---|---|
| 1 | Dated: November 22, 2013 | JONES & DYER |
| 2 | | |
| 3 | | By:   /s/ Mark. A. Jones                              . |
| 4 | | MARK A. JONES |
| | | KRISTEN K. PRESTON |
| 5 | | Attorneys for Defendants City of Vallejo, |
| | | D. Joseph, S. Kenney and J. Kreins |
| 6 | | |
| 7 | Dated: November 22, 2013 | BOWLES & VERNA LLP |

By:   /s/ Lawrence D. Goldberg                    .
    MICHAEL P. VERNA
    LAWRENCE D. GOLDBERG
    Attorney for Plaintiffs Joseph L. Johnson, an individual, Cynthia A. Mitchell, an individual, and as successor-in-interest and personal representative of decedent Mario D.S.M. Romero

## **ORDER**

The Court having considered the foregoing stipulation of the parties, and good cause appearing, the Court hereby orders that the above-described records relating to this matter, as more specifically described in Paragraph 1 of the Stipulation, be subject to a protective order fully incorporating the provisions set forth above.

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated:  November 22, 2013         /s/ John A. Mendez
                                  John A. Mendez
                                  UNITED STATES DISTRICT COURT JUDGE

STIPULATION TO PROTECTIVE ORDER AND [PROPOSED] ORDER