CLAUDIA QUINTANA
City Attorney, SBN 178613
BY: KELLY J. TRUJILLO
Deputy City Attorney, SBN 244286
CITY OF VALLEJO, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687

MARK A. JONES, SBN 96494
KRISTEN K. PRESTON, SBN 125455
JONES & DYER
A Professional Corporation
1800 J Street
Sacramento, CA 95811
Tel: (916) 552-5959
Fax: (916) 442-5959

Attorneys for Defendants City of Vallejo, Officer Dustin B. Joseph,
Officer Sean G. Kenney and Vallejo Chief of Police Joseph M. Kreins

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. JOHNSON, an individual, CYNTHIA A. MITCHELL, an individual, and as successor-in-interest and personal representative of decedent MARIO D.S.M. ROMERO,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF VALLEJO, a municipality and charter city, POLICE OFFICER DUSTIN B. JOSEPH, an individual, POLICE OFFICER SEAN G. KENNEY, an individual, VALLEJO CHIEF OF POLICE JOSEPH M. KREINS, an individual and DOES 1-5, inclusive,<br><br>Defendants. | Case No.: 2:13-CV-01072-JAM-KJN<br>(Consolidated with Case No.: 2:13-CV-02060-JAM-KJN)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES**<br>**[FRCP 37]**<br><br>**Date: October 23, 2014**<br>**Time: 10:00 a.m.**<br>**Courtroom: 8th Floor, Courtroom 25**<br><br>**Magistrate Judge Kendall J Newman**<br><br>**Trial Date: March 30, 2015**<br>**Discovery Cutoff: November 7, 2014** |
| AND CONSOLIDATED ACTIONS | |

The Court, having read and considered the moving and opposing papers and good cause appearing therefore hereby orders as follows:

1

1    Natasha Stephens as guardian ad litem filed this action on behalf of the minor plaintiff
2    NXXXXX RXXXXX on October 4, 2013.  Docket No. 19.  Thereafter, the action was ordered
3    related with Case No. 2:13-CV-01072-JAM-KJN ("Johnson Case").  Docket No. 16.  The Hon.
4    John A. Mendez issued a minute order reaffirming and adopting the scheduling order previously
5    issued in the Johnson Case.  Docket No. 21.  Pursuant to the Court's scheduling order, discovery
6    must be completed, including issuance of discovery orders and compliance with those orders, not
7    later than November 7, 2014.  Docket No. 11.

8    The complaint filed on behalf of the minor plaintiff on October 4, 2013 alleges that she is
9    the child and sole surviving heir of Mario Romero.  Docket No. 19.  The complaint alleges that on
10   September 2, 2012, Romero was involved in a police shooting incident with defendant officers
11   Kenney and Joseph that resulted in Romero's death.  The minor plaintiff alleges through her
12   guardian state law causes of action on her own behalf for wrongful death.  The guardian also alleges
13   pursuant to Cal. Code Civ. Pro. §377.32 that the minor is the successor-in-interest to claims of
14   Mario Romero that survived his death federal claims pursuant to 42 U.S.C. §1983 for excessive
15   force and a claim based on the California Bane Act.

16   The claim on behalf of the minor plaintiff that she is the sole surviving heir of Mario
17   Romero is contested by Cynthia Mitchell, a plaintiff in the related Johnson Case.  See Docket No. 1.
18   In her complaint, Mitchell alleges that she is the natural mother and sole surviving heir of Mario
19   Romero.  Pursuant to an order issued by Judge Mendez on the parties' stipulation, biological
20   material from Mario Romero and from the minor was tested to establish paternity.  Docket No. 25.
21   Pursuant to that order, the testing facility Genex served on defendants and presumably on all parties
22   the results of DNA testing that indicate the probability of paternity is 0%.

23   The complaint filed on behalf of the minor plaintiff has not been amended.  The guardian on
24   behalf of the minor continues to claim that she is entitled to pursue survival claims on behalf of the
25   decedent for alleged civil rights violations and state law claims, including recovery of punitive
26   damages and attorney's fees and that she is entitled to recover damages for the alleged wrongful
27   death of Mario Romero on the basis of Cal. Code Civ. Pro. 377.60.  Docket No. 19.  The guardian
28   has failed to specify in her complaint whether the minor's claim is based on subpart (a) of section

377.60 (surviving child or issue) or subpart (c) of that statute (minor who resided in the decedent's household for the 180 days prior to death and was dependent upon the decedent for more than one-half of the minor's support).  Material to the minor's claims is her relationship with the decedent, her dependence upon the decedent for support and whether the minor lived in the decedent's residence.  This evidence is material both to the issue of the minor's standing to bring the claims alleged and her claim for damages.

On March 4, 2014, defendants propounded written interrogatories to the guardian on behalf of the minor.  Preston Decl., Exh. A.  Among other information, defendants requested that the guardian state the nature and amount of any support received by the minor from Romero, including the specific amount and frequency of payment and specifically identify the inclusive dates that the minor resided with the decedent.  Plaintiff failed to provide responsive answers to these written interrogatories:

> **Interrogatory 4:** State the nature and amount of any support received by you from the decedent, including the specific amount and frequency of payment for any claimed financial support.
>
> **Response to Interrogatory 4**: Objection.  This interrogatory requests "specific amount and frequency of payment" for financial support received by plaintiff from decedent.  Such a request is unduly burdensome and is not answerable at this time because the amounts decedent contributed to the minor varied over time depending in large part on decedent's employment.
>
> Plaintiff is unable at this time to quantify exactly when and how much financial support she would receive from decedent.  Plaintiff continually received support from decedent from the day she was born to when decedent died.  Nonetheless, discovery is ongoing and to the extent that plaintiff is able to approximate a sum of financial support received from decedent, she will provide that information to defendant.
>
> **Interrogatory 14:** State the inclusive dates since the minor's date of birth that the minor resided with the decedent.

**Response to Interrogatory 14:** From the minor's birth until decedent's death, Natasha, Namaria and decedent resided together. There were brief periods of time where they were not "residing" together usually due to difficulty in housing or finances. Even in those times, decedent was frequently with the minor and Natasha.

*Id.,* Interrogatory Nos. 4 and 14 and responses thereto.

On May 5, 2014, defendants attempted to meet and confer concerning these specific interrogatories. Preston Decl., Exh. B. Plaintiff through counsel failed to respond. A follow-up meet and confer effort was made by correspondence on August 28, 2014. Preston Decl., Exh. C. Based on the impending discovery deadline imposed by the scheduling order, a further response was requested not later than September 10, 2014. *Id.* There was no response. These meet and confer efforts were followed by a telephone conference with counsel for the plaintiff. Counsel, while making diligent attempts to obtain the requested information, understood that the lack of response coupled with the impending discovery deadline necessitated this motion. Preston Decl., and Exh. D thereto. Through counsel Stephens has subsequently committed to providing further responses and/or participate in submission of a Joint Statement to the court.

A party to a lawsuit is entitled to seek discovery on any relevant, non-privileged item. Fed.R.Civ.P. 26(b)(1). Written interrogatories are an authorized method for obtain discovery. Fed.R.Civ.P. 33. Upon a party's failure to answer the propounding party may seek by motion an order compelling discovery. Fed.R.Civ.P. 33(a)(1). A failure to answer includes, by definition, an evasive or incomplete answer. *Id.,* subpart (a)(4). If the motion is granted or if responses are provided after the filing of the motion, the court must require the party whose conduct necessitated the motion to pay the reasonable expenses of the moving party including attorney's fees. *Id.*, subpart (a)(5).

Romero's financial support of the minor is relevant to the issues of standing and damages as to the survivor claims and the causes of action alleged on the minor's behalf. Defendants requested that the guardian provide evidence related to the issues of standing and damages by verified responses to written interrogatories more than six months ago. She has failed to do so.

Stephens, through her attorneys, claims that she can provide only "best estimates." There is

no person Stephens has identified who would possess information superior to her, as the mother of the minor, regarding the support she received from the decedent and the minor's residence history. If Stephens is unable to supply responses, she "may not simply refuse to answer, but must state under oath that [s]he is unable to provide the information and 'set forth the efforts [s]he used to obtain the information.' " *Sevey v. Soliz*, No. 10–cv–3677 LHK, 2011 WL 2633826, at *4 (N.D.Cal. July 5, 2011) citing *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996) and *Milner v. National School of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977). "Best estimates" without identifying other witnesses or documents from which specific information may be sourced is an insufficient response. Ms. Stephens is obligated to articulate the efforts she has made to obtain the information requested and clearly and unequivocally state under oath that she is unable to supply answers to these interrogatories on behalf of the minor.

Defendants have complied with Local Rule 251 and F.R.C.P. 37 requirements that counsel meet and confer in good faith prior to the filing of any motion. Defendants have made every reasonable effort required to obtain adequate responses short of pursuing an order from this court. The impending discovery deadline and plaintiff's continued refusal to respond has necessitated this motion.

Therefore, it is hereby ordered that defendants' motion is GRANTED. Stephens is required to provide further, verified responses to the interrogatories served on behalf defendants on March 4, 2014, specifically to interrogatory numbers 4 and 14, not later than October 30, 2014. Stephens must specifically under oath the efforts she has undertaken to obtain information in response to these interrogatories and, in the event she possesses no responsive information she must so affirmatively state under oath in her responses.

Dated: _____

_____
Magistrate Judge Kendall J. Newman