MICHAEL P. VERNA (# 84070)
LAWRENCE D. GOLDBERG (# 168142)
BOWLES & VERNA LLP
2121 N. California Blvd., Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile:  (925) 935-0371
Email: mverna@bowlesverna.com
        lgoldberg@bowlesverna.com

Attorneys for Plaintiffs JOSEPH L. JOHNSON
and CYNTHIA A. MITCHELL, individually and
as successor-in-interest and personal
representative of decedent MARIO D. S .M. ROMERO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. JOHNSON, an individual, CYNTHIA A. MITCHELL, an individual, and as successor-in-interest and personal representative of decedent MARIO D. S .M. ROMERO,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF VALLEJO, a municipality and charter city; POLICE OFFICER DUSTIN B. JOSEPH, an individual, POLICE OFFICER SEAN G. KENNEY, an individual, VALLEJO CHIEF OF POLICE JOSEPH M. KREINS, an individual and DOES 1-5 inclusive,<br><br>Defendants.<br>_____<br><br>AND CONSOLIDATED ACTION | **CASE NO. 2:13-cv-01072-JAM-KJN (Consolidated with Case No.: 2:13-CV-02060-JAM-KJN)**<br><br>**PLAINTIFF CYNTHIA MITCHELL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL [FED. R. CIV. P. 37]**<br><br>**Date: November 6, 2014**<br>**Time: 10:00 a.m.**<br>**Courtroom: 8th Floor, Courtroom 25**<br><br>**Magistrate Judge Kendall J. Newman**<br><br>**Trial Date: March 30, 2015**<br>**Discovery Cutoff: November 7, 2014** |

Bowles & Verna LLP
2121 N. California
Suite 875
Walnut Creek 94596

PLAINTIFF CYNTHIA MITCHELL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL [FED. R. CIV. P. 37] - CASE NO. 2:13-cv-01072-JAM-KJN

Plaintiff Cynthia Mitchell respectfully submits the following Points and Authorities in support of her motion for an order compelling defendant the City of Vallejo to produce documents and Defendant Sean Kenney to provide verified responses to Requests for Admissions. Plaintiffs also anticipate that two PMK depositions noticed in this case will be necessary to compel, particularly since most of the document requests are the same document requests at issue on this motion and, therefore, seek to compel both PMK depositions and document requests associated with each PMK notice.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This action arises from a particularly tragic police shooting which occurred on September 2, 2012 in Vallejo California. Early that morning, Plaintiff, Joseph Johnson and his friend Mario Romero were sitting in Mr. Romero's car in front of the residence where Mr. Romero was staying when Vallejo Police Officers Sean Kenney and Dustin Joseph arrived and illuminated Plaintiffs' vehicle. The officers ordered Mr. Romero and Mr. Johnson to raise their hands. No parties dispute that Mr. Johnson complied, put his hands out the passenger side window, and followed all orders given to him by the officers. The parties however dispute portions of the following actions taken by Mr. Romero. When the traffic stop ended, Mr. Romero had 30 bullet holes in his body and Joseph Johnson had been shot through the pelvis. Mr. Romero died as a result of the gunshots and Mr. Johnson sustained serious injuries.

Plaintiffs allege causes of action based on 42 U.S.C. 1983 for violation of civil rights under the fourth and fourteenth amendments and state claims including wrongful death and survivor causes of action arising out of an officer-involved shooting that resulted in the death of plaintiff Cynthia A. Mitchell's son Mario Romero and personal injury to plaintiff Joseph Johnson. The action was filed on May 30, 2013. The discovery cut-off is November 7, 2014 and trial is March 30, 2015.

Understandably, this is a serious case. Issues relating to the actions of the occupants of the vehicle, and with regard to the officers, Chief Kreins and the City of Vallejo with regard to use of excessive force, Constitutional violations, actions or inaction by the City and Police Department, police training and the treatment of African Americans in the City of Vallejo all form components of the claims and defenses in this case. As such, Plaintiff Cynthia Mitchell (and Plaintiff Joseph Johnson) propounded written discovery and noticed depositions, including those of the Defendants

1

PLAINTIFF CYNTHIA MITCHELL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL [FED. R. CIV. P. 37] - CASE NO. 2:13-cv-01072-JAM-KJN

1 certain Persons Most Knowledgeable, as part of their development of the claims in this case.

2     The Requests for Production of Documents in dispute was served on September 10, 2014 and
3 the Requests For admissions were served on September 11, 2014.  The City of Vallejo served its
4 responses to the Requests for Production of Documents on October 10, 2014 and responses to Requests
5 for Admissions on October 14, 2014.

6     Plaintiff sought to engage counsel for the Defendants in meet and confer discussions, drafted
7 detailed meet and confer correspondence and placed numerous telephone calls to counsel for
8 Defendants on October 15, 2014 and one on October 16, 2014, in an effort to resolve the issues raised
9 by this motion to compel without a need for a hearing.  Additionally, with regard to the document
10 production, Defendants raised privacy concerns of the individual defendants and suggested an *in*
11 *camera* review of responsive documents as a method to move forward with the document production.
12 Plaintiff expressed agreement to participate in that process and solicited input by counsel for the
13 Defendants to set that up with the Magistrate Judge.  Plaintiff's counsel received no return call despite
14 notification that counsel for the Defendants was present in the office on October 15, 2014.  Plaintiff's
15 counsel was informed that Defendants' counsel was not available when a call was placed on October
16 16, 2014, yet received no previous return call or correspondence on this matter.

17     Based on the discovery cutoff of November 7, 2014, and the fact that many of the Defendants'
18 insufficient responses to the document requests and requests for admissions (and refusal to produce
19 documents) are not covered by the Defendants' proposal to participate in an *in camera* document
20 review, Plaintiffs were left with no other option than to file this motion to compel.  However, Plaintiffs
21 will withdraw this motion in advance of the hearing date pursuant to Local Rule 251, if the parties are
22 able to resolve these issues themselves.

23     **II.  LAW AND ARGUMENT**

24     A.    **MOTION TO COMPEL**

25         1.    **Legal Standards - Rule 26(b) - Scope of Discovery**

26 Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as
27 follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's
28 claim or defense -- including the existence, description, nature, custody, condition, and location of any

2

documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[1]  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

### 2. **Rule 34 - Production of Documents**

Under Rule 34(a), "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." *Clark v. Vega Wholesale Inc*., 181 F.R.D. 470, 472 (D.Nev., 1998) quoting *Estate of Young v. Holmes*, 134 F.R.D. 291, 294 (D.Nev. 1991).  "A party that has a legal right to obtain certain documents is deemed to have control of the documents." *Clark*, 81 F.R.D. at 472.  Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2).  Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

### 3. **Rule 36 – Requests for Admission**

Under Rule 36(a)(1), "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Pursuant to Rule 36(a)(4), If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The

---

[1] Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action.  Fed. R. Evid. 401.

answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Additionally, pursuant to subsection (a)(6), the requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

### 4. The City of Vallejo's Responses to Plaintiff's Request for Production of Documents and its Failure to Produce Documents Are Insufficient

Ms. Mitchell served 71 document requests in this set and the City has objected and otherwise refused to produce documents requested therein to many of them listed below. Additionally, many of the objections are boilerplate and inapplicable based on the claims made in this case. Plaintiff submits that the connection between the discovery sought and the claims in this case is so strong that the use of "boilerplate" objections that the requested documents are neither relevant to the subject matter of this action nor reasonably calculated to lead to discovery of admissible evidence; the request is overbroad; and the request is burdensome, are insufficient and are examples of what federal courts have routinely deemed to be improper objections. Instead, the party resisting discovery must show specifically how each request is overly broad, oppressive, irrelevant or unduly burdensome. *Redland Soccer Club v. Dep't of Army*, 55 F.3d 827, 856 (3d Cir. 1995); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Paulsen v. Case Corp.,* 168 F.R.D. 285, 289 (C.D. Cal. 1996). The Plaintiffs have already represented that they can address privacy concerns through a protective order and one is currently in place in this case.

Of note as well are the numerous objections and refusals to produce documents, records and files related to the specific officers involved in this the shooting death of Mario Romero and the injuries to Joseph Johnson, as well as requests related to training, police policies and procedures. This is a particular affront to the discovery process in light of the fact that the City has filed a motion to compel against Joseph Johnson seeking additional information to support his *Monell* claims, yet the

4

PLAINTIFF CYNTHIA MITCHELL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL [FED. R. CIV. P. 37] - CASE NO. 2:13-cv-01072-JAM-KJN

City is currently refusing to produce the documents it possesses and controls on the very subjects *Monell* is concerned with.

Furthermore, the City's objections and refusal to produce documents in this case it is an even greater affront to the discovery process in light of the fact that the City of Vallejo was previously ordered less than a year ago by Magistrate Judge Claire of the United States District Court for the Eastern District of California to produce the very documents to which the City now objects (including documents relating to the same Officer Kenney). Specifically, Judge Claire ordered the City of Vallejo to produce:

> Any and all documents related to (1) complaints or reports of the use of excessive force, or inquiries into the use of force, and/or (2) complaints or reports of dishonesty (including but not limited to false statements and falsification of evidence), or inquiries into possible dishonesty, from the personnel files of defendant Officers Sean Kenney and Eric Jensen;
>
> Any and all Internal Affairs investigations and reports related to allegations of (1) excessive force, and/or (2) dishonesty (including but not limited to false statements and falsification of evidence) involving defendant Officers Sean Kenney and Eric Jensen;
>
> Any and all civil and/or departmental complaints or grievances alleging the use of excessive force by defendants Kenney and Jensen that are not otherwise referenced in this order;
>
> Internal Affairs investigations and reports, civil and departmental complaints or grievances arising from or involving claims of excessive force of any other defendant City of Vallejo police officers for a period of ten years prior to the filing of this action, and documentation of the disposition of such complaints or grievances.

*Cooley v. City of Vallejo, et al.* United States District Court for the Eastern District of California, Case 2:12-cv-00591-LKK-AC

With respect to any municipal liability claims, the City may be liable under § 1983 where the municipality itself causes the constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy," pursuant to the decision in *Monell v. Department of Social Services*, 436 U.S. 658, 699 (1978). Municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official

5

PLAINTIFF CYNTHIA MITCHELL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL [FED. R. CIV. P. 37] - CASE NO. 2:13-cv-01072-JAM-KJN

policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

The Ninth Circuit has "long recognized that a custom or practice can be 'inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Hunter v. County of Sacramento*, 652 F.3d 1225, 1233-34 (9th Cir. 2011) (quoting *Nadell v. Las Vegas Metro. Police Dep't*, 268 F.3d 924, 929 (9th Cir. 2001)). See also *Hunter v. County of Sacramento*, No. 2:06-cv-0457 GEB EFB, 2013 WL 3968663, at *4 (E.D. Cal. July 31, 2013) ("Likewise, a county custom or practice may be inferred from evidence of repeated, but unreprimanded, constitutional violations.").

These issues have been the subject of much recent legal discussion. See, *Ortega v. San Diego Police Dep't,* United States District Court for the Southern District of California, October 21, 2013, Decided, 2013 U.S.; Filed October 21, 2013, Dist. LEXIS 151032; 2013 WL 5724032, and *Cooley v. City of Vallejo, et al.* United States District Court for the Eastern District of California, Case 2:12-cv-00591-LKK-AC (previously provided with Plaintiffs' written discovery to Defendants) where Courts have ordered that the information requested herein be produced (subject to appropriate protective orders. Magistrate Judge Claire required production subject to a protective order and Plaintiff has offered to accept the same protective order and an *in* camera review, but has received no response from the City prior to filing this motion. Consequently, the City's objections and refusals to produce documents and respond to requests for admissions cannot be supported.

### 5. Discovery in Dispute (Document Requests)

**A.   Defendants have proposed *in camera* review of the following prior to production:**

1. Requests 3-4[2] (Internal Affairs records for officers Kenny and Joseph);
2. Requests 5-6 (Critical Incident Protocol and Critical Incidents – 5 years);
3. Request 7 (Hayward Police records for Sean Kenney);
4. Requests 10-11, 16, 17,[3] (Prior Shooting Incidents involving Officer Kenney);
5. Requests 18, 19, 20[4] (Police training programs);
6. Requests 21-22 (Post profiles for officers Kenney and Joseph);
7. Requests 23-24 (Excessive force Complaints against Officers Kenney and Joseph)[5,6];

---

[2] Defendants similarly object to Johnson Requests 9, 11, 16, 23, 34, 63, 65 and 70.
[3] Defendants similarly object to Johnson Requests 3, 8, 10, 17, 24, 33, 62, 65 and 67.
[4] Defendants similarly object to Johnson Deposition Requests 20, 35-40, 45, 46, 47, 53, 54, 58 and 65.

8. Requests 33-34 (Police shootings involving officers Kenney and Joseph regardless of whether they shot a firearm – 5 years)[7];

9. Requests 35, 36, 37, 38, 39, 40, 41 (Police training and manuals)[8];

10. Request 55, 56, 60 (Police policies and procedures regarding activation of emergency lights and approach of occupied parked vehicle, search for evidence following police shooting)[9];

11. Requests 62 (Promotion of Officer Johnson)[10];

12  Request 64-65 (Complaints that Officers Kenney and/or Joseph Planted Evidence – 5 years)[11];

13  Request 67 (Policies re reassignment of officers following shootings)[12];

14. Request 68 (Internal Affairs records of police shootings for last 5 years)[13];

15. Requests 69, 70, 71 (Personnel files for Chief Kreins and Officers Kenny and Joseph).

Plaintiffs will accept *in camera* review of the above discovery items.

**B. Discovery in dispute where no in camera review proposed.**

16. Request 8-9 (Legal matters involving officers Kenney and Joseph). This request may be limited to legal matters where use of excessive force was alleged while serving as police officers. This request may also be subject to *in camera* review.

17. Request 32 (Raw data).

18. Request 42 (VIEVU) Cameras.

19. Request 43 (VIEVU cameras during the shooting of Mario Romero and Joseph Johnson).

20. Request 46, 47, 48 (2013 Year in Review regarding police internal training, including lack of training for nearly 3 years)[14]. The failure to train officers properly is alleged in Plaintiffs' complaint and is part of their *Monell* cause of action.

21. Request 50 (Burglaries in the Neighborhood where Romero and Johnson were shot – 1 week). One of the pretexts for the traffic stop of Mario Romero and Joseph Johnson was that there was a burglary earlier in the neighborhood.

22. Request 61 (Justice Department's Review of this Shooting)

22. Request 51 (Lofas Street Gang specifically referenced in Solano County District Attorney letter to Joseph Kreins dated June 12, 2013)  One of the pretexts for the traffic stop of Mario Romero and Joseph Johnson was that there was gang activity in the neighborhood.

23. Request 52 (Shootings identified in Solano County District Attorney letter to Joseph Kreins dated June 12, 2013).

---

[5] Judge Claire previously Ordered that this information be produced. See order attached.
[6] Defendants similarly object to Johnson Deposition Requests 4, 9, 11, 16, 19, 22, 23, 34, 63, 65 and 68.
[7] Defendants similarly object to Johnson Deposition Requests 3, 7, 8, 10, 17, 23, 33, 62, 65, 67 and 68.
[8] Defendants similarly object to Johnson Deposition Requests 20, 35-40, 45, 46, 47, 53, 54, 58, and 65.
[9] Defendants similarly object to Johnson Deposition Requests 20, 35-40, 45, 46, 47, 53, 54, 58, and 65.
[10] Defendants similarly object to Johnson Deposition Requests 18, 21, 60, 65 and 68.
[11] Defendants similarly object to Johnson Deposition Requests 3, 7, 8, 10, 17, 23, 24, 33, 34, 60, 62, 65, 67, 68, 70, 72, 74, 76, 78, 80 and 81.
[12] Defendants similarly object to Johnson Deposition Requests 20, 35-40, 45, 46, 47, 53, 54, 58, and 65.
[13] Defendants similarly object to Johnson Deposition Requests 20, 35-40, 45, 46, 47, 53, 54, 58, and 65.
[14] Defendants similarly object to Johnson Deposition Requests 20, 35-40, 45, 46, 47, 53, 54, 58, and 65.

24. Request 54 (Reports Run on Mario Romero's Vehicle's License Plate Number)

25. Request 57-58 (Gang involvement, if any, by Romero and Johnson, if any).

26. Plaintiff's Subpoena to Hayward Police Department.

*Plaintiff also seeks a simultaneous resolution of the anticipated discovery dispute identified in the footnotes to this memorandum which Defendants assert are duplicative.  It is anticipated that without Court intervention, Defendants will assert identical and improper objections to these document requests from Plaintiff Joseph Johnson as well and will refuse to produce documents.

### 6. Discovery in Dispute (Requests for Admission – Officer Kenney)

1.  Request No. 5 – "Admit you used excessive force when shooting at Mr. Johnson on September 2, 2012."

2.  Request No. 9 – "Admit you did not see Mr. Romero commit a public offense when you first saw him on September 2, 2012."

3.  Request No. 10 – "Admit you did not see Mr. Johnson commit a public offense when you first saw him on September 2, 2012."

4.  Request No. 19 – "Admit you did not seek cover during the time shots were fired on September 2, 2012."

5.  Request No. 20 – "Admit you failed to follow proper police procedures when you touched the pellet gun that allegedly belonged to Mr. Romero."

6.  Request No. 21 – "Admit you did not believe that the Thunderbird vehicle you approached at approximately 4:30 am on September 2, 2012 was involved in a robbery at the time you approached the vehicle on September 2, 2012."

7.  Request No. 30 – "Admit you stopped the police vehicle you were driving at approximately 4:30 am on September 2, 2012 in a position that effectively detained Mr. Romero and Mr. Johnson."

8.  Request No. 32 – "Admit you have had one or more complaints asserted against you for planting evidence."

9.  Request No. 33 – "Admit you have had multiple complaints asserted against you for use of excessive force."

10. Request No. 39 – "Admit you had no reasonable belief that Mr. Johnson posed a serious risk of harm to you or others at the time you jumped on top of the Thunderbird hood during the September 2, 2012 shootings of Mr. Romero and Mr. Johnson."

11. Request No. 40 – "Admit you had no reasonable belief that Mr. Romero posed a serious risk of harm to you or others at the time you jumped on top of the Thunderbird hood during the September 2, 2012 shootings of Mr. Romero and Mr. Johnson."

Officer Kenney's responses to these requests for admissions were evasive and incomplete and must be responded to pursuant to Rule 36.

### 7. Rule 37 - Motions to Compel

Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or

8

incomplete responses.  Fed. R. Civ.  P. 37(a)(3)(B).   "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  Plaintiffs will further set forth all the disputes at issue on both PMK depositions on the joint statement.

### 8. Plaintiff Has Met and Conferred

Pursuant to Local Rule 251 and Fed. R. Civ. P. 37, Plaintiff's counsel wrote detailed correspondence to Defendants' counsel placed several phone calls seeking to meet and confer on October 15, 2014.  No response was received.  A further call was placed to the City's attorney on October 16, 2014 in an effort to meet and confer and discuss the contents of the meet and confer letters and the City's proposal for *in camera* review of documents, however counsel for the City was not available.  (See, Declaration of Lawrence D. Goldberg and William T. Nagle filed concurrently herewith.)  Plaintiffs will continue to pursue further efforts to informally resolve this dispute and have already agreed to significantly narrow the items in dispute via an *in camera* document review suggested by the City.

### III.  CONCLUSION

Plaintiffs request that the Court issue an order requiring the City to produce documents and to further respond to requests for admission.  In light of the fact that the document component of this motion was previously addressed by this Court (where the Defendants were the City of Vallejo and Officer Kenney as in this case, among others defendants), the failure to produce the requested documents and evasive responses to requests for admission cannot be supported.[15]

Dated:  October 16, 2014                                        BOWLES & VERNA, LLP

By:  /s/ *Lawrence D. Goldberg*
       MICHAEL P. VERNA
       LAWRENCE D. GOLDBERG
       WILLIAM T. NAGLE
       Attorneys for Plaintiffs JOSEPH L. JOHNSON
       and CYNTHIA A. MITCHELL, individually and
       as successor-in-interest and personal
       representative of decedent MARIO D. S. M. ROMERO

---

[15] Plaintiffs just received service of Defendant Dustin Joseph's responses to Cynthia Mitchell's requests for Admission which appear to track the some responses which are the subject of this motion to compel.  Further, Defendants just served objections to Plaintiffs' PMK deposition notices and associated document requests on the same grounds as their objections to documents.  To the extent that they are identical, Plaintiff requests that should an order issue compelling further responses, production of documents and deposition testimony on the topics in dispute.