UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. JOHNSON, et al., | No. 2:13-cv-1072-JAM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

Presently before the court are two motions to compel discovery filed by defendants City of Vallejo, Dustin Joseph, Sean Kenney, and Joseph Kreins (collectively "defendants"). One motion concerns the adequacy of plaintiff Joseph Johnson's responses to a number of interrogatories propounded by defendants on April 18, 2014. (ECF No. 33.) The other dispute regards the timing of and method for disclosure of data to be extracted from two cell phones believed to belong to plaintiff Johnson and the decedent Mario Romero. (ECF No. 35.)[1] The parties filed joint statements and supporting documentation with respect to both motions. (ECF Nos. 35, 40.)

---

[1] No formal discovery motion was filed with respect to this dispute. Rather, the parties filed a joint statement setting forth the parties' respective positions concerning this dispute on September 26, 2014. While no formal motion has been filed, the court construes the parties' joint statement regarding this dispute as a properly-noticed discovery motion and rules on it in the fashion set forth below.

1

The court heard these matters on its October 23, 2014 law and motion calendar.[2] Attorney William Nagle appeared on behalf of plaintiffs Joseph Johnson and Cynthia Mitchell. Attorney Fulvio Cajina appeared on behalf of plaintiffs N. R., represented through guardian ad litem Natasha Stephens, D. M., represented through guardian ad litem Cynquita Martin, Ahn Khe Harris, Ahn Loc Harris, and D. M. (2), represented through guardian ad litem Cynquita Martin. Attorneys Mark Jones and Kristin Preston appeared on behalf of defendants.

I.  <u>Defendants' Motion Concerning the Adequacy of Plaintiff Johnson's Interrogatory Responses</u>

Defendants' first motion seeks to compel plaintiff Johnson to provide supplemental responses to a number of interrogatories propounded by all four defendants. One day prior to the hearing on this matter, counsel for defendants informed the court that plaintiff Johnson's counsel recently provided defendants with supplemental responses to the interrogatory answers contested in the motion. At the hearing, counsel for defendants stated that they have not had an opportunity to review the supplemental responses and would like to continue the hearing date on this motion until after they have been able to review these responses and determine whether they believe further supplementation with respect to some or all of the contested interrogatories will be necessary. Accordingly, the hearing on this motion is continued to Thursday, October 30, 2014, at 10:00 a.m., before the undersigned.

No later than Monday, October 27, 2014, counsel for defendants shall inform the court whether defendants still wish to pursue all or part of their motion to compel plaintiff Johnson to provide supplemental responses to defendants' interrogatories. If defendants still wish to pursue this motion, then the parties shall file a joint statement setting forth the parties' respective

---

[2] During the hearing, the court also briefly addressed plaintiffs Johnson and Mitchell's pending motion to compel discovery, which is currently noticed for hearing on November 6, 2014. (ECF No. 41.) While the court gave some guidance to the parties regarding the issues addressed in this motion at the hearing, it declines to adjudicate these issues until briefing on this matter is complete and the noticed hearing has been held. Accordingly, the parties shall continue to comply with the procedural requirements set forth in Local Rule 251 and provide the court with a joint statement as to this dispute no later than seven days prior to the noticed hearing.

positions regarding the adequacy of any of Johnson's interrogatory responses addressed by the motion that remain in contention by no later than 5:00 p.m. on Monday, October 27, 2014. Along with the joint statement, defendants shall file a document containing Johnson's supplemental interrogatory responses that defendants still wish to contest. Furthermore, prior to the filing of any joint statement regarding this dispute, the parties shall meet and confer regarding any of defendants' perceived inadequacies with Johnson's supplemental responses, any further revisions to the interrogatories responses Johnson may plan to make as discovery further develops in this case, and any objections Johnson may have raised in his supplemental responses.[3]

II. <u>Dispute Regarding the Disclosure of Data to be Extracted from the Two Cell Phones Recovered from the Scene of the Alleged Shooting Incident</u>

After the police shooting incident giving rise to the claims asserted in the complaint, two cell phones were recovered from the vehicle occupied by plaintiff Johnson and decedent Mario Romero. The Vallejo Police Department took custody over these phones at that time; the Department is still in possession of the phones. All parties acknowledge that the data to be extracted from these two phones likely contain discoverable information. Furthermore, both defendants and plaintiffs state that they agree that the scope of the data to be extracted from the two phones should be limited to the period beginning 24 hours prior to the shooting incident giving rise to plaintiffs' claims and ending 24 hours after that incident. However, the parties disagree as to how that data should be disclosed to the parties once it is extracted. Plaintiffs argue that they are entitled to review the extracted data prior to its disclosure to defendants so that plaintiffs may have an opportunity determine whether certain information should be withheld on the basis of a privacy right or as non-responsive to defendants' discovery requests. The court disagrees.

Generally, discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who

---

[3] When the court uses the phrase "meet and confer," it means that the parties should meet either in person or by telephone to discuss these issues prior to drafting and submitting the joint statement.

1  know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).  Discovery may be sought of relevant
2  information not admissible at trial "if the discovery appears reasonably calculated to lead to the
3  discovery of admissible evidence." Id.  The court, however, may limit discovery if it is
4  "unreasonably cumulative or duplicative," or can be obtained from another source "that is more
5  convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had
6  ample opportunity to obtain the information by discovery"; or if the proposed discovery is overly
7  burdensome.  Fed. R. Civ. P. 26(b)(2)(C)(i), (ii) and (iii).

8       "Federal courts generally recognize a right of privacy that can be raised in response to
9  discovery requests." Allen v. Similasan Corp., 2014 WL 1806927, at *3 (S.D. Cal. May 6, 2014)
10 (citing Johnson ex rel Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992) (denying
11 discovery of names of participants in a medical study due to privacy interests of the individual
12 participants)); see also Elias v. Napolitano, 2011 WL 2609862, at *2 (C.D. Cal. June 30, 2011);
13 Aguilar v. Cnty. of Fresno, Cal., 2009 WL 3617984, at *6 (E.D. Cal. Oct. 29, 2009).  "However,
14 the right is not absolute and may be subject to invasion depending on the circumstances."
15 Aguilar, 2009 WL 3617984, at *6 (citing Oakes v. Halvorsen Marine Ltd., 279 F.R.D. 281, 284
16 (C.D. Cal. 1998)).  Consequently, the right to privacy is not a recognized privilege or absolute bar
17 to discovery; instead, it is subject to a balancing of needs.  Ragge v. MCA/Universal Studios, 165
18 F.R.D. 601, 604 (C.D. Cal. 1995).  Accordingly, "[i]f the requested documents are relevant to the
19 claims or defenses, the court must weigh Defendant's interest in fact-finding and thorough
20 discovery against Plaintiff's privacy interests." Elias, 2011 WL 2609862, at *2 (quoting Aguilar,
21 2009 WL 3617984, at *6); Kress v. Pricewaterhouse Coopers, LLP, 2013 WL 2403470, at *2
22 (E.D. Cal. May 31, 2013) ("Resolution of a privacy objection or request for protective order
23 requires a balancing of the need for the particular information against the privacy right
24 asserted.").  Furthermore, "[i]t is well settled that the right of privacy is purely a personal one; it
25 cannot be asserted by anyone other than the person whose privacy has been invaded[,] . . . the
26 right does not survive but dies with the person." Lugosi v. Universal Pictures, 25 Cal. 3d 813,
27 821-22 (1979) (citations and quotation marks omitted).
28 ////

Here, with respect to the phone the parties believe was owned and used by the decedent Romero, any privacy right he may have had to the data stored on the device was extinguished upon his death.  See Lugosi, 25 Cal. 3d at 821-22.  Plaintiffs do not claim that any of them have an independent privacy interest in the data stored on Romero's phone.  Accordingly, plaintiffs' argument that they should be permitted to review the data extracted from Romero's phone for any "private" information before that information is disclosed to defendants is without merit because no plaintiff appears to have any privacy interest in the data on that phone.

Furthermore, plaintiffs' argument that Johnson likely has a privacy interest in some of the data stored on Johnson's phone, thus entitling plaintiffs to a first look at the extracted data to review whether some of it should be withheld, is also not well-taken.  Given the circumstances expressed by the parties in their joint statement, any privacy interest Johnson may be able to claim to the extracted information would be outweighed by defendants' interest in fact-finding and thorough discovery.  See Elias, 2011 WL 2609862, at *2; Kress, 2013 WL 2403470, at *2.  Given that Johnson has already stated that he and Romero were using the phones while in Romero's vehicle to contact other people just prior to the shooting incident, is appears that the extracted data will likely reveal the identities of potential witnesses to what Romero and Johnson were doing in the hours leading up to the shooting incident and provide information concerning Romero's and Johnson's respective states of mind in those hours.  Furthermore, it is likely that the phone data is the only means through which defendants will be able to obtain certain discovery.  As defendants note, Johnson has already testified that he does not recall who he and Romero were communicating with while they were sitting in Romero's vehicle in the time leading up to the shooting incident.

In addition, the parties have already agreed to limit discovery of the data extracted from the phones to the period beginning 24 hours prior to the shooting incident and ending 24 hours after the incident.  Therefore, the potential that any of the extracted data to be disclosed to defendants will include information that does not meet the minimal threshold for it to be discoverable or that implicates Johnson's privacy rights in such a way that outweighs defendants' need for discovery will be greatly limited.  Finally, plaintiffs' privacy concerns can be addressed

by a suitable protective order limiting defendants' use of this data to purposes of the present action only. After balancing the rights of the parties, as well as considering the broad nature of discovery, the court finds that defendants should have simultaneous access to the information to be extracted from the two phones.

Accordingly, the court orders the parties to use a mutually-agreed upon independent data extraction service to remove the data generated by the two cell phones during the period beginning 24 hours prior to the alleged shooting incident and ending 24 hours after that incident. The extracted data shall be disclosed to plaintiffs' counsel and defendants' counsel simultaneously. Furthermore, because a protective order can alleviate plaintiffs' privacy concerns regarding the disclosure of this data, the court orders the parties to meet and confer and submit a suitable stipulated protective order regarding the information extracted from the two phones to the court within one week from this order. The proposed stipulated order shall include language limiting defendants' use of the data extracted from the two cell phones to the present action only and directing that any copies of such information be returned to counsel for plaintiffs at the conclusion of the proceedings in this case.

III.     Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel plaintiff Johnson to supplement his responses to defendants' interrogatories is CONTINUED to Thursday, October 30, 2014, at 10:00 a.m., before the undersigned. Counsel for defendants shall inform the court by Monday, October 27, 2014, whether defendants still wish to pursue all or part of their motion to compel plaintiff Johnson to provide supplemental responses to defendants' interrogatories. If defendants still wish to pursue this motion in whole or in part, then the parties shall file a joint statement setting forth the parties' respective positions regarding the adequacy of any of Johnson's interrogatory responses addressed by the motion that remain in contention by no later than 5:00 p.m. on Monday, October 27, 2014. Prior to the filing of this joint statement, the parties shall meet and confer regarding the topics outlined above.

////

1      2.  The parties shall use a mutually-agreed upon independent data extraction service to
extract the data from the two cell phones that were found in the vehicle occupied by Johnson and
Romero during the alleged shooting incident that was generated during the period beginning 24
hours prior to the shooting incident and ending 24 hours after the shooting incident.  The
extracted data shall be disclosed to plaintiffs' counsel and defendants' counsel simultaneously.

    3.  Within one week from the date of this order, the parties shall submit to the court a
proposed stipulated protective order regarding the discovery of the data to be extracted from the
two cell phones found in the vehicle occupied by Johnson and Romero during the alleged
shooting incident.  The proposed stipulated order shall include language limiting defendants' use
of the data extracted from the two cell phones to the present action only and directing that any
copies of such information be returned to counsel for plaintiffs at the conclusion of the
proceedings in this case.[4]

IT IS SO ORDERED.

Dated:  October 27, 2014

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] As stated at the hearing, the court is available to address future discovery issues via an informal teleconference and without the need to file a formal motion to compel.  If desired, the parties need only contact the undersigned's courtroom deputy who will arrange a conference time.