UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. JOHNSON, et al., | No. 2:13-cv-1072-JAM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

Presently pending before the court are defendants City of Vallejo, Dustin Joseph, Sean Kenney, and Joseph Kreins' (collectively "defendants") motion to compel further responses by plaintiff Joseph Johnson to certain interrogatories propounded by defendants (ECF No. 33), plaintiff Cynthia Mitchell's motion to compel further responses by defendant City of Vallejo to certain requests for production of documents (ECF No. 41), and all plaintiffs' ex parte application for implementation of a protective order, in camera review of certain documents, resumption of certain depositions, and an extension of the discovery deadline (ECF No. 51). The parties filed joint statements pursuant to Local Rule 251 as to the two motions to compel (ECF Nos. 40, 55) and defendants filed an opposition to plaintiffs' ex parte application (ECF No. 59).

These matters were addressed during an informal telephonic hearing before the undersigned on November 3, 2014. Attorneys William Nagle, Catherine Haley, Larry Goldberg, and Fulvio Cajina appeared telephonically on behalf of plaintiffs. Attorneys Mark Jones and

1   Kristen Preston appeared telephonically on behalf of defendants.

2   After considering the relevant portions of the record, the parties' oral arguments, the
3   applicable law, the agreement of the parties, and for the reasons stated during the telephonic
4   conference, IT IS HEREBY ORDERED that:

5   1.   The hearing on Plaintiff Cynthia Mitchell's motion to compel (ECF No. 41) is
6   VACATED.

7   2.   Plaintiff Cynthia Mitchell's motion to compel is GRANTED IN PART along the
8   terms outlined below:[1]

9   a.   The City of Vallejo shall produce, pursuant to an appropriate protective
10  order, the investigation reports underlying any Citizen Complaints, Internal Affairs investigations,
11  and District Attorney investigations involving defendants Joseph and Kenney regarding the
12  alleged use of excessive force, allegations of dishonesty and/or planting evidence, and critical
13  incidents involving the officer's discharge of a firearm resulting in injury or death for the period
14  from the beginning of 2008 through the end of 2012.  Such production shall include any
15  documents that contain information regarding how a given investigation was conducted, the
16  outcome as to that investigation, and how the agency conducting the investigation arrived at that
17  outcome.  The City of Vallejo may redact the names of any civilians and the involved officers
18  other than defendants Joseph and Kenney that may be contained in the documents.  The City may
19  also redact any badge numbers and other identifying information as to such persons.

20  b.   The City of Vallejo shall produce, pursuant to an appropriate protective
21  order, any incident reports and/or other reports that concern defendant Sean Kenney's
22  involvement in the events underlying the <u>Barrett</u> litigation referenced by the parties during the
23  November 3, 2014 telephonic hearing.  The City is not required to produce reports with respect to
24  any other officers involved in these events and may redact any names, badge numbers, and other

---

[1] Because the parties represent that they have narrowed the scope of the documents plaintiff Mitchell seeks to have produced through this motion, the court addresses only the narrowed categories of documents described in the parties' joint statement.  Furthermore, because plaintiff Mitchell represents in the joint statement that she no longer seeks to compel defendant Kenney to supplement his responses to certain requests for admission, the court does not address this aspect of the motion.

identifying information of other officers and civilians contained in the documents provided in this production.

   c. The City of Vallejo shall produce the above-referenced documents to plaintiffs by no later than 5:00 P.M. on November 10, 2014.

   d. With respect to the "background files" referenced by defendant Joseph Kreins during his deposition, counsel for defendants shall engage in a good faith conversation with defendant Kreins regarding what the "background files" he referred to include and what documents those files contain as soon as it is feasible to do so. After conducting this inquiry, defendants' counsel shall immediately provide plaintiffs' counsel with the information obtained from Kreins regarding the "background files." Furthermore, if after speaking with defendant Kreins, defendants' counsel believes that the "background files" may contain discoverable information not already produced to plaintiffs, then defendants' counsel shall investigate into the matter and produce any materials from those files to which plaintiffs are entitled.

   e. Plaintiff Cynthia Mitchell's motion to compel is DENIED without prejudice in all other aspects.

  3. Due to plaintiffs' inadequate showing regarding why their ex parte application could not have been timely noticed as a formal motion and plaintiffs' general lack of due diligence in pursuing discovery in this case, plaintiffs' ex parte application (ECF No. 51) is DENIED without prejudice in all aspects. Nevertheless, if after the City of Vallejo has made the November 10, 2014 document production ordered above, plaintiffs believe that they need to take further depositions of the witnesses identified in their ex parte application concerning any questions those witnesses were instructed not to answer during the previous depositions, then plaintiffs should seek a stipulation for limited discovery from defense counsel, and if unsuccessful may seek an extension of the discovery deadline for the limited purpose of taking further depositions of those witnesses pertaining to the areas of inquiry discussed in their ex parte application. However, prior to seeking a court order to extend the discovery deadline for this limited purpose, plaintiffs must first be able to identify why they need to further depose some or all of these witnesses and engage in good faith meet and confer efforts with defendants directed at

resolving this matter without court intervention.  Only if the parties continue to have a genuine dispute over this matter after their meet and confer efforts, then plaintiffs may seek a court order to extend the discovery deadline for the limited purpose of taking the further depositions of these witnesses as to the topics referenced in the ex parte application.  Moreover, in seeking such an order, plaintiffs must be able to show that good cause exists for such an extension, meaning that the information plaintiffs would seek to obtain through these depositions could not be obtained through a review of the documents defendants have already produced or will be producing pursuant to this order.

4. To the extent that plaintiff Johnson has not already done so, he shall supplement his responses to defendants' interrogatories that remain contested by providing answers to each question based on the information currently available to him and, if deemed necessary, an explanation of what additional information he believes he will obtain via further discovery that is responsive to each interrogatory.  With regard to any contested responses to interrogatories concerning allegations of discrimination along the lines of race, color, ancestry, and/or national origin, Johnson shall supplement such responses by stating that he is relying on inferences of such discrimination that he believes can be drawn from certain documents or other discovery.  Johnson shall provide defendants with these supplemental answers by no later than 5:00 P.M. on November 4, 2014.  If Johnson believes that further supplementation efforts as to these interrogatories will be necessary after obtaining and reviewing the documents defendants are ordered to produce by November 10, 2014, then Johnson shall provide such supplemental answers to defendants by no later than 5:00 P.M. on November 13, 2014.

5. The discovery deadline is extended through November 13, 2014, but only for the limited purpose of allowing the City of Vallejo to provide plaintiffs with the above-referenced documents by no later than November 10, 2014, and to allow plaintiff Johnson to supplement his interrogatory responses in light of such production by no later than November 13, 2014. The parties may *not* use this additional time to supplement the reports of their experts in light of this additional discovery absent a court order upon a showing of due diligence on the party seeking leave to supplement such reports.  If the parties believe that additional time will be

necessary to conduct further discovery in light of the discovery to be produced pursuant to this order, then they may stipulate to extend the discovery deadline accordingly.[2]  Furthermore, a party seeking additional time to conduct further discovery may file an application to extend the deadline for the limited purpose of obtaining the discovery specified in that application. However, the court will not consider granting such an application unless the party seeking the extension can specify what discovery will be sought, why such discovery is necessary, and demonstrating that the party has acted with due diligence in seeking that discovery, and that counsel for the party has met and conferred with opposing counsel concerning the requested time extension as well as discussing what discovery other parties may need to conduct as a result, before filing the application.

6. All other dates and deadlines shall remain in effect.

IT IS SO ORDERED.

Dated: November 5, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court encourages the parties to engage with one another regarding any discovery issues that may remain and to reach an agreement permitting limited discovery beyond the November 7, 2014 deadline if the parties believe that such discovery will be necessary in light of the discovery to be disclosed pursuant to this order.