CLAUDIA QUINTANA
City Attorney, SBN 178613
BY: KELLY J. TRUJILLO
Deputy City Attorney, SBN 244286
CITY OF VALLEJO, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687

MARK A. JONES, SBN 96494
KRISTEN K. PRESTON, SBN 125455
JONES & DYER
A Professional Corporation
1800 J Street
Sacramento, CA 95811
Tel: (916) 552-5959
Fax: (916) 442-5959

Attorneys for Defendants City of Vallejo, Officer Dustin B. Joseph,
Officer Sean G. Kenney and Vallejo Chief of Police Joseph M. Kreins

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. JOHNSON, an individual, CYNTHIA A. MITCHELL, an individual, and as successor-in-interest and personal representative of decedent MARIO D.S.M. ROMERO,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF VALLEJO, a municipality and charter city, POLICE OFFICER DUSTIN B. JOSEPH, an individual, POLICE OFFICER SEAN G. KENNEY, an individual, VALLEJO CHIEF OF POLICE JOSEPH M. KREINS, an individual and DOES 1-5, inclusive,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | Case No.: 2:13-CV-01072-JAM-KJN (Consolidated with Case No.: 2:13-CV-02060-JAM-KJN)<br><br>ORDER AFTER HEARING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT/ADJUDICATION<br><br>Hearing Date: April 8, 2015<br>Hon. John A. Mendez<br><br>Trial: October 26, 2015 |

///

///

1

[PROPOSED] ORDER AFTER HEARING

1   The Motions for Summary Judgment/Adjudication of Defendants as to the complaints in these related actions were heard on April 8, 2015 by the Hon. John A. Mendez.  Mark A. Jones and Kristen K. Preston of Jones & Dyer appeared on behalf of Defendants and moving parties City of Vallejo, Joseph Kreins, Sean Kenney and Dustin Joseph.   Michael P. Verna and Lawrence D. Goldberg of Bowles & Verna LLP appeared on behalf of Plaintiffs Cynthia Mitchell and Joseph Johnson.  Matthew D. Haley of The Haley Law Offices and Fulvio F. Cajina of the Law Office of Fulvio F. Cajina appeared on behalf of Plaintiffs Cynquita Martin individually and as guardian ad litem of minors Dareik Martin and Dasani Martin, Ahn Khe Harris, Ahn Loc Harris, and Natasha Stephens as guardian ad litem for "N.R.", a minor.

The Court, after consideration of the motions, oppositions, replies and all evidence submitted and, after presentation of oral argument, and good cause appearing therefore hereby makes the following rulings:

**Evidentiary Issues**

Defendants submitted several evidentiary objections and motions to strike the declarations of witnesses submitted with plaintiffs' oppositions to these motions, including declarations from plaintiffs' retained experts Franklin E. Zimring, Barry Brodd, and Robert Snook.

The Court will not grant the motions in the entirety to the extent that this would require a comparison with the deposition testimony of these expert witnesses and a determination of the extent to which the opinions expressed in each declaration are "derivative" of prior opinions and which opinions expressed in the declarations constitute new evidence.

The Court grants the motions in part and denies the motions in part and relies on testimony given at deposition for purposes of determining these motions for summary judgment/adjudication.

**"N.R." Claims**

As to the First, Second and Ninth Causes of Action brought on behalf of "N.R." as successor-in-interest of the decedent Mario Romero pursuant to Ca. Code of Civil Procedure section 377.30, Defendants' motion is GRANTED.  Defendants offer as undisputed evidence the Genex Diagnostic Report concluding that there is 0% chance that the decedent Mario Romero is the biological father of "N.R.".  Plaintiffs, including Natasha Stephens as natural mother and guardian on behalf of "N.R."

stipulated to the procedure for testing of biological materials from which this Genex report derives. No evidence presented on behalf of "N.R." calls into question the validity of the Genex report. The Court finds no dispute as to any material fact that "N.R." is not the heir or issue of the decedent Mario Romero and, as a matter of law the Court determines that "N.R." lacks standing pursuant to Ca. Code of Civil Procedure section 377.30 to maintain claims surviving the decedent Mario Romero.

As to the Seventh and Eighth Causes of Action brought on behalf of "N.R." pursuant to Ca. Code of Procedure section 377.60 for the wrongful death of Mario Romero, Defendants' motion is GRANTED. Based on the Court's findings concerning the Genex report, there exists no dispute as to any fact material to the determination that "N.R." is not the heir or issue of the decedent Mario Romero and the Court determines as a matter of law that "N.R." lacks standing pursuant to Ca. Code of Civil Procedure section 377.60(a) to bring any claim as the heir or issue of the decedent Mario Romero for wrongful death. Defendants offer as undisputed evidence that "N.R." did not reside in the decedent's residence for the 180 days previous to Mario Romero's death and that "N.R." was not dependent on Mario Romero for the 180 days prior to Mario Romero's death for more than 50% of the minor's support. No material dispute was presented on behalf of "N.R." in this evidence. On that basis, the Court determines as a matter of law that "N.R." lacks standing pursuant to Ca. Code of Civil Procedure section 377.60(c) to bring any claim as a dependent minor for the wrongful death of Mario Romero.

As to the Fourth Cause of Action, Defendants' motion is GRANTED. The Court's rulings on all other claims brought on behalf of "N.R." renders this cause of action invalid.

**Mitchell Claims**

As to the issue of Cynthia Mitchell's standing to allege causes of action for the wrongful death of Mario Romero pursuant to Ca. Code of Civil Procedure section 377.60(a), Defendants' motion is DENIED. As to the issue of Cynthia Mitchell's standing as the successor-in-interest of the decedent Mario Romero pursuant to Ca. Code of Civil Procedure section 366.30, Defendants' motion is DENIED.

As to the issue of qualified immunity, disputes exist in the evidence as to facts material to determination of this issue precluding summary adjudication. Summary adjudication as to this issue is DENIED.

As to the First, Third, Fifth, Sixth, Seventh, Eighth, and Eleventh Causes of Action against Defendants Kenney and Joseph brought on behalf of Plaintiff Cynthia Mitchell, plaintiff has identified a dispute in the evidence as to facts material to determination of these causes of action. Defendants' motion on these causes of action is DENIED.

The City of Vallejo did not move for summary adjudication as to the Fifth, Sixth, Seventh, Eighth or Eleventh Causes of Action brought on behalf of Cynthia Mitchell; however, the City of Vallejo may be held vicariously liable for the actions of its employees on the claims alleged in these causes of action.  Plaintiff has identified a dispute in the evidence as to facts material to determination of these causes of action precluding summary adjudication.

The Court did not rule on Defendants' motion for judgment on the pleadings as to the Sixth Cause of Action.

The Court rules that no punitive damages can be sought against Defendant City of Vallejo.

**Johnson Claims**

As to the First, Seventh, Eighth, Ninth and Eleventh Causes of Action brought on behalf of Joseph Johnson, plaintiff has identified a dispute in the evidence as to facts material to determination of these causes of action. Defendants' motion on these causes of action is DENIED.

As to the issue of qualified immunity, disputes exist in the evidence as to facts material to determination of this issue precluding summary adjudication.  Summary adjudication as to this issue is DENIED.

As to the Seventh, Eighth, Ninth and Eleventh Causes of Action brought on behalf of Joseph Johnson, the City of Vallejo may be held vicariously liable for the actions of its employees on the claims alleged in these causes of action.  Plaintiff has identified a dispute in the evidence as to facts material to determination of these causes of action precluding summary adjudication.

The Court rules that no punitive damages can be sought against Defendant City of Vallejo.

**Martin-Harris Claims**

As to the Third, Fifth and Sixth Causes of Action brought on behalf of  Cynquita Martin individually and Ahn Loc Harris and Ahn Khe Harris, Defendant Jospeh Kreins' motion is GRANTED. Defendants present as undisputed evidence that Kreins did not personally participate in any of the

1  conduct alleged in plaintiffs' complaint. No material dispute was presented by these plaintiffs in the
2  evidence.  As a matter of law Defendant Kreins cannot be held vicariously liable for any cause of action
3  alleged.  As a matter of law claims against Defendant Kreins in his official capacity are redundant of
4  claims alleged against Defendant City of Vallejo.

5  As to the Third Cause of Action brought on behalf of Cynquita Martin individually and Ahn Loc
6  Harris and Ahn Khe Harris, Defendants' motion based on violations of Fifth and Eighth Amendment
7  rights is GRANTED.  Plaintiffs cannot maintain these claims as a matter of law.

8  As to the Third Cause of Action brought on behalf of Cynquita Martin individually and Ahn Loc
9  Harris and Ahn Khe Harris, the motion of Defendants Sean Kenney and Dustin Joseph is GRANTED.
10  Defendants present as undisputed evidence that Joseph and Kenney did not personally participate in any
11  of the acts upon which Plaintiffs base this claim.  No material dispute was presented by plaintiffs in this
12  evidence.

13  As to the Third Cause of Action brought on behalf of Cynquita Martin individually and Ahn Loc
14  Harris and Ahn Khe Harris based on 42 U.S.C. section 1983, Defendant City of Vallejo's motion is
15  GRANTED.  As matter of law, that the City of Vallejo cannot be held vicariously liable for the alleged
16  constitutional violations of its employees.

17  As to the Third Cause of Action brought on behalf of Cynquita Martin individually and Ahn Loc
18  Harris and Ahn Khe Harris based on State claims for false imprisonment and violation of Ca. Civil Code
19  section 52.1, the City of Vallejo may be held vicariously liable for the actions of its employees on these
20  alleged claims.  Plaintiffs have identified a dispute in the evidence as to facts material to the
21  determination of these claims precluding summary adjudication.

22  As to the Third Cause of Action brought on behalf of minors Dareik Martin and Dasani Martin
23  by and through their guardian Cynquita Martin, Defendants motion is GRANTED.  Defendants present
24  as undisputed evidence that neither Dareik Martin nor Dasani Martin was subject to the conduct alleged
25  in this cause of action against the unknown defendant.  No material dispute was presented by plaintiffs
26  in this evidence.

27  As to the Fifth Cause of Action brought on behalf of minors Dareik Martin and Dasani Martin by
28  and through their guardian Cynquita Martin, the motion of Defendants Sean Kenney and Dustin Joseph

is GRANTED. Defendants present as undisputed evidence that neither Defendant Kenney nor Joseph was aware of the presence of the minors at the time of the incident. No material dispute was presented by plaintiffs in this evidence.

As to the Fifth Cause of Action brought on behalf of Cynquita Martin individually and Ahn Loc Harris and Ahn Khe Harris, the motion of Defendants Sean Kenney and Dustin Joseph is DENIED. Plaintiffs have identified a dispute in the evidence as to facts material to the determination of this claim precluding summary adjudication.

As to the Sixth Cause of Action brought on behalf of minors Dareik Martin and Dasani Martin by and through their guardian Cynquita Martin, Defendants motion is GRANTED. Defendants present as undisputed evidence that the minors did not have a sufficiently close relationship with the decedent Mario Romero and that neither of the minors contemporaneously observed the events that resulted in injury to Mario Romero. No material dispute was presented by this plaintiff in the evidence. As a matter of law the Court finds that the minor cannot establish essential elements of their claims for negligent infliction of emotional distress.

As to the Sixth Cause of Action brought on behalf of Ahn Khe Harris, Defendants' motion is GRANTED. Defendants present as undisputed evidence that Ahn Khe Harris was not married to Joseph Johnson at the time of the incident and did not have a sufficiently close relationship with Joseph Johnson. No material dispute was presented by this plaintiff in the evidence. On that basis, as a matter of law the Court finds that Plaintiff Ahn Khe Harris cannot establish essential elements of her claim for negligent infliction of emotional distress.

As to the claim for punitive damages brought on behalf of Cynquita Martin individually and Ahn Loc Harris and Ahn Khe Harris and Dareik Martin and Dasani Martin by and through their guardian Cynquita Martin, Defendant City of Vallejo's motion is GRANTED.

As to the Fourth Cause of Action brought on behalf of Cynquita Martin individually and Ahn Loc Harris and Ahn Khe, based on the Court's rulings as to the Third Cause of Action Defendants' motion is GRANTED. No claims of constitutional violations remain upon which this cause of action may be based against the City of Vallejo.

///

IT IS SO ORDERED.

Dated:   7/6/2015_____                              /s/ John A. Mendez_____
                                                                 Judge John A. Mendez
                                                                 UNITED STATES DISTRICT COURT

Pursuant to the court's direction, the [Proposed] Order was provided to counsel and approval is indicated by counsel's signature below.

Dated: July 1, 2015                              BOWLES & VERNA LLP


                                                                 By:  /s/ William T. Nagle                              .
                                                                       Lawrence Goldberg
                                                                       William Nagle
                                                                       Attorneys for Plaintiffs Cynthia Mitchell and Joseph Johnson

Dated: July 1, 2015                              THE HALEY LAW OFFICES, P.C.


                                                                 By:   /s/ Matthew. D. Haley                            .
                                                                       Matthew D. Haley
                                                                       Attorneys for Plaintiffs


Dated: July 1, 2015                              LAW OFFICES OF CATHERINE HALEY


                                                                 By:   /s/ Catherine Haley                              .
                                                                       Catherine Haley
                                                                       Attorneys for Plaintiffs


Dated:  July 1, 2015                             LAW OFFICE OF FULVIO F. CAJINA


                                                                  By:   /s/ Fulvio F. Cajina                            .
                                                                        Fulvio F. Cajina
                                                                        Attorney for Plaintiffs

[PROPOSED] ORDER AFTER HEARING